UNITED STATES of America, Plaintiff–Appellee,

v.

Charles Maurice BELGARDE, Defendant–Appellant.

No. 14–10490.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 21, 2015.*

Filed Sept. 28, 2015.

Vincent Q. Kirby, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Katia Mehu, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: REINHARDT, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Charles Maurice Belgarde appeals from the 18–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Belgarde contends that his sentence is substantively unreasonable in light of the long period of time between his violation conduct and sentencing, and other mitigating circumstances. The district court did not abuse its discretion in imposing Belgarde's sentence. *See Gall v. United*

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including the speed with which Belgarde violated his supervised release and the need to protect the public. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586; *see also United States v. Garrett,* 253 F.3d 443, 449–50 (9th Cir.2001) (court may postpone adjudication of a supervised release violation until a defendant is released from state custody).

In an untimely pro se reply brief, Belgarde also argues that the district court imposed the sentence to punish his violation conduct and previous criminal acts. Even if this argument were properly before the court, it would fail because it is not supported by the record.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.